979 F.2d 248
 298 U.S.App.D.C. 309
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America,
v.
Ruth E. WHEELER, Appellant
 No. 91-3175.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 10, 1992.
 
 Before WALD, SENTELLE and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on appeal of the defendant from the judgment of the District Court, and it was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying Memorandum, it is
 
 
 2
 ORDERED and ADJUDGED, by the Court, that in No. 91-3175, the judgment is affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely-filed petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Ruth Wheeler appeals her conviction for possession with intent to distribute over five grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). Specifically, she contends that her conviction should be reversed because the district court erred: by not granting her motion for a judgment of acquittal on a weapons charge for which she was ultimately acquitted because the evidence to support the charge was insufficient and its submission tainted the jury's deliberations on the drug charge she was convicted of; by giving an instruction on aiding and abetting because the factual prerequisites for such a theory were not met; and by revealing in open court that she had made a motion for continuance under seal because this disclosure rendered her cooperation with the government impossible. These arguments are without merit. First, the evidence supporting the firearms charge was sufficient and therefore the charge was properly presented to the jury. Second, Mrs. Wheeler's own statement to the police, in which she admitted to assisting others in drug dealing, provided adequate support for an aiding and abetting instruction. Finally, the third claim, regarding the continuance, must also be rejected because the district court carefully refrained from explaining the reason for granting the motion to continue and the motion to seal and because Mrs. Wheeler has not provided any evidence to support her claim that the district court's action prejudiced her in any way. Therefore, we affirm the conviction.
 
 I. BACKGROUND
 
 5
 On November 21, 1990, police officers executed a search warrant at Mrs. Wheeler's apartment. Upon entering, the police encountered Mrs. Wheeler standing in the living room and two men sitting on couches in the living room. Transcript ("Tr.") III at 17. Inside Mrs. Wheeler's pocketbook, the police found 37 rocks of crack cocaine in one film canister, three rocks in a second canister, and one rock in a small plastic ziplock bag. Id. at 18-19, 33. In addition, the police found a fully-loaded .357 magnum under one couch that was unoccupied, another fully-loaded .357 magnum under a cushion on the couch occupied by one man, and a round of ammunition under the couch occupied by the other man. Id. at 21-22, 33-34. From the back porch area of the apartment, the police recovered $5,000 in cash, an empty gun holster, a precision scale and personal papers addressed to Mrs. Wheeler. Id. at 20, 22, 37-38. Finally, the police also recovered from a closet in the living room a second gun holster and an additional sum of cash, and from elsewhere in the apartment, numerous ziplock bags and some smoking pipes. Id. at 38, 138, 140.
 
 
 6
 A grand jury indicted Mrs. Wheeler on charges of possessing with intent to distribute 5 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and knowingly using or carrying a firearm in connection with the drug trafficking offense in violation of 18 U.S.C. § 924(c). On February 7, 1991, Mrs. Wheeler filed a motion to continue her trial because of her attempts to cooperate with the government, and filed an accompanying motion to file the continuance motion under seal. The court orally granted in open court the motion to seal the continuance motion and also granted the motion to continue, but the court did not mention the basis or substance of the motions. Tr. I at 2-3.
 
 
 7
 At trial, a police officer testified as an expert witness that the packaging of the cocaine in Mrs. Wheeler's purse was consistent with the manner in which the drug is distributed on the street. Tr. III at 114-15. The government also read into the record a statement given by Mrs. Wheeler to the police after her arrest in which she admitted that she was holding the drugs for some "young boys" whose names she did not know, and that in return for permitting the boys to keep guns, drugs and money in her apartment she was paid $200 to $300 a week, depending on how much cocaine the boys sold. Id. at 138-39. Mrs. Wheeler further reported that the money found in the closet was from her compensation, that she was holding the $5,000 for the boys, that the precision scale belonged to the boys, and that the boys sometimes packaged drugs in the apartment. Id. at 138-40. Finally, Mrs. Wheeler denied that she was stashing the two guns found by the police, claiming that they were being kept by her "old man" for other people. Id. at 136. At the close of the government's case, the district court denied defense counsel's motion for a judgment of acquittal and rejected defense counsel's objection to an aiding and abetting instruction.
 
 
 8
 The jury returned a verdict of guilty on the drug count and not guilty on the firearm count. The court then sentenced Mrs. Wheeler to 60 months imprisonment to be followed by four years supervised release.
 
 II. ANALYSIS
 A. Firearms Charge
 
 9
 The trial court did not err in denying Mrs. Wheeler's motion for a judgment of acquittal on the weapons charge because there was sufficient evidence in the record to submit the charge to the jury. Viewing the evidence in the light most favorable to the government, Glasser v. United States, 315 U.S. 60, 80 (1942), it is apparent that the jury could have rationally found the essential elements of the crime beyond a reasonable doubt, Jackson v. Virginia, 443 U.S. 307, 319 (1979), even though it ultimately did not. The evidence supports the inference that Mrs. Wheeler exercised dominion and control over the firearms and that possession of the firearms furthered the underlying drug trafficking offense. United States v. Long, 905 F.2d 1572, 1578 (D.C.Cir.), cert. denied, 111 S.Ct. 365 (1990).
 
 
 10
 In Mrs. Wheeler's own words, the "[young boys] kept drugs, money and guns in my apartment most of the time," and paid her "to hold their guns and coke." Tr. III at 138-39. She admitted to knowing of the presence of the two guns found by the police in the apartment but claimed that the guns were not those that she was paid to hold but instead were being kept by her "old man." Id. at 136. However, the fact that Mrs. Wheeler's apartment was a "stash" house, that the .357 magnums were fully-loaded, and that they were found near the drugs and paraphernalia was sufficient to support the inference that the weapons were used to protect the drugs. See United States v. Morris, No. 91-3151, 1992 WL 276535, at * 4-* 6 (D.C.Cir. Oct. 9, 1992); United States v. Jefferson, 974 F.2d 201 (D.C.Cir.1992); United States v. Williams, 952 F.2d 418, 421 (D.C.Cir.1991); United States v. Anderson, 881 F.2d 1128, 1141 (D.C.Cir.1989). In denying the motion to acquit on the weapons charge, the district court could have concluded that even were the jury to credit Mrs. Wheeler's statement that she was not being paid to keep these particular weapons, the jury could still rationally conclude that based on the evidence presented the guns nevertheless were intended to serve the purpose of protecting the drugs.
 
 
 11
 Because the evidence, taken as a whole, would certainly permit a reasonable juror to infer that Mrs. Wheeler used the guns in relation to the possession with intent to distribute offense, the district court did not err in refusing to grant the motion to acquit. Therefore, we need not decide the question of whether a defendant is entitled to reversal of a conviction, which is based on a charge properly submitted to the jury, simply because a trial court erroneously denies a motion for acquittal on a different charge for which the defendant is ultimately acquitted. We note, however, that Mrs. Wheeler has provided no applicable authority to support her novel claim.
 
 B. Aiding and Abetting Instruction
 
 12
 The district court did not err in giving an instruction on aiding and abetting. In order to prevail on an aiding and abetting theory, the government needed to show:
 
 
 13
 "(1) the specific intent to facilitate the commission of a crime by another; (2) guilty knowledge on the part of the accused; (3) that an offense was being committed by someone; and (4) that the accused assisted or participated in the commission of the offense."
 
 
 14
 United States v. Poston, 902 F.2d 90, 93 (D.C.Cir.1990) (quoting United States v. Raper, 676 F.2d 841, 849 (D.C.Cir.1982)). In her statement to the police, Mrs. Wheeler admitted that she was holding the drugs for others, that she was being paid to stash the drugs and weapons, and that her pay varied with the amount of the drugs sold. Tr. III at 138-39. Clearly, Mrs. Wheeler associated herself with the drug trafficking venture, participated in it and sought to make it succeed. See Nye & Nissen v. United States, 336 U.S. 613, 619 (1949). Thus, the factual prerequisites for an aiding and abetting theory were satisfied and the instruction was proper.
 
 C. Motion to Continue
 
 15
 The district court did not commit reversible error by granting in open court Mrs. Wheeler's motion to continue and her motion to seal the continuance motion. Mrs. Wheeler contends that this action signalled that she was cooperating with the government and therefore made it impossible for her to develop information for the government. However, the court did not reveal the basis or substance of the motion to continue, but simply granted the motions without explanation:
 
 
 16
 The Court: We will proceed with the hearing on the motion for a continuance and proceed from there.
 
 
 17
 * * *
 
 
 18
 The Court: All right. You have first asked, Ms. Goodman, that the motion be filed under seal. And I am going to grant the motion and allow you to file the motion under seal.
 
 
 19
 Tr. I at 2-3. At no time did Mrs. Wheeler inform the district court that the court should withhold the fact that the continuance motion existed, as opposed to withholding the motion's contents, nor did Mrs. Wheeler make any request to seal the motion to seal or delay the public docketing of the motion to seal. Even if the court had not granted the motions in open court, the fact that the trial date was changed could have provided the same signal to others. More importantly, there is no evidence in the record that Mrs. Wheeler was prejudiced in any way by the district court's action. Indeed, in Mrs. Wheeler's motion to stay the execution of her sentence, she reported that she was cooperating with the government, see Appellee's Brief at Appendix II, and thus the district court's reference apparently did not make cooperation impossible. Finally, even if the district court's action hindered Mrs. Wheeler's ability to cooperate with the government, she cites no legal authority to support her claim that this fact justifies reversing her conviction.
 
 III. CONCLUSION
 
 20
 The district court did not err by refusing to grant Mrs. Wheeler's motion for a judgment of acquittal on the firearms charge, by giving the jury an instruction on aiding and abetting, or by revealing in open court that appellant had made a motion for continuance under seal. We affirm the conviction.